IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CAROLINE THOMAS,

    Plaintiff,

vs.                                                                No. 16-2958-JTF-dkv

FAYETTE COUNTY; BOBBY RILES, Fayette
County Sheriff; TRAVIS DAVENPORT,
Fayette County Sheriff Deputy;
LYNN SPARKS, Fayette County Secretary;
VIP LEWIS, Fayette County Chancery
Court Clerk; ED PULLIAM, Fayette County
Circuit Court Clerk; FAYETTE COUNTY JAIL;
JOHN and JANE DOE, Shelby County Jail
Deputies; JOHN and JANE DOE, Fayette County
Jail Medical Providers; CITY OF PIPERTON;
MARK S MCDANIEL, City of Piperton Municipal
Court Prosecutor; WILLIAM CRAIG HALL,
City of Piperton Municipal Court Judge;
TOMMIE JOHNSON, City of Piperton Code
Enforcement; ANGELA KERBY, City of Piperton
Municipal Court Clerk; DANIEL HYDE, City of
Piperton Police Officer; WAYNE WILLIAMS,
City of Piperton Police Officer;
HENRY COATS, City of Piperton City Mayor;
HUGH DAVIS, City of Piperton City Vice
Mayor; MIKE BINKLEY, City of Piperton City
Commissioner; PRESTON TROTTER, City of
Piperton City Commissioner; MIKE ULCZYNSKI,
City of Piperton City Commissioner;
STEPHEN STEINBACH, City of Piperton City
Manager; PHIL HENDRICKS, City of Piperton
Police Chief,

    Defendants.

---

REPORT AND RECOMMENDATION ON MOTION TO DISMISS

---

On October 7, 2016, the plaintiff, Caroline Thomas ("Thomas"), filed a *pro se* complaint entitled "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" against the

above-listed twenty-three defendants (collectively "the Defendants") in the Chancery Court of Tennessee for Twenty-Fifth Judicial District at Somerville, Tennessee, (ECF No. 1-1). The defendants filed a timely Notice of Removal with this court on December 8, 2016. (ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Before the court is the December 21, 2016 motion of the following defendants to dismiss the claims against them in this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and/or to dismiss this case under the first-to-file rule because it is identical to another case filed by Thomas which is pending in this court: City of Piperton; Mark S. McDaniel, City of Piperton Municipal Court Prosecutor; William Craig Hall, City of Piperton Municipal Court Judge; Tommie Johnson, City of Piperton Code Enforcement; Angela Kerby, City of Piperton Municipal Court Clerk; Daniel Hyde, City of Piperton Police Officer; Wayne Williams, City of Piperton Police Officer; Henry Coats, City of Piperton City Mayor; Hugh Davis, City of Piperton City Vice Mayor; Mike Binkley, City of Piperton City Commissioner; Preston Trotter, City of Piperton City Commissioner; Mike Ulczynski, City of Piperton City

Commissioner; Stephen Steinbach, City of Piperton City Manager; and Phil Hendricks, City of Piperton Police Chief, ("the Piperton defendants"). (Mot. to Dismiss, ECF No. 9.) Thomas has not responded to the motion, and the time for response has expired. For the reasons that follow, it is recommended that this case be dismissed in its entirety under the first-to file rule.

On October 6, 2016, Thomas filed a *pro se* "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" in this court, the United States District Court for the Western District of Tennessee, against the above-listed twenty-three defendants (collectively "the Defendants"), which was docketed as Thomas v. Fayette County, et al., Case No. 2:16-cv-02801-JTF-dkv. (Compl., ECF No. 1.) It was accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF No. 3.) On October 7, 2016, the court issued an order granting Thomas leave to proceed *in forma pauperis*. (ECF No. 7.) By Report and Recommendation dated December 19, 2016, it was recommended that all Thomas's federal claims except her claim under § 1983 for a violation of the Fourteenth Amendment for deliberate indifference to Thomas's serious medical needs as to Fayette County and Sheriff Riles be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may

be granted and that Thomas's state law claims be dismissed. (Rep. & Rec., ECF No. 12.)

Actions involving common questions of law or fact can be consolidated for the convenience of the court and the parties. FED. R. CIV. P. 42(a). More specifically, Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Id.* District courts have broad discretion in determining whether to consolidate cases. In deciding whether to consolidate cases, the court considers whether consolidation will promote judicial economy without impeding justice and the interest of the parties. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). The court should balance the risk of prejudice and confusion with the chance of achieving inconsistent results in the two matters. *In re Cree, Inc.*, 219 F.R.D. 369, 371 (M.D. N.C. 2003). The court should also consider "the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single

suit." *Id.* (citing *Arnold v. E. Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982)).

Here, the complaint in the instant case, filed in state court and removed to this court, is identical in all aspects to the complaint in the case filed by Thomas one day earlier in this court, which case is still pending. The two cases are assigned to the same judges. Because of the identical nature of the two complaints, the two separate lawsuits would lead to duplicative pleadings and discovery. Thus, in order to avoid unnecessary costs and promote judicial efficiency, this second lawsuit should not proceed but should be dismissed, and the parties should proceed in the first filed case, which is Case No. 2:16-cv-02801-JTF-dkv.

For the reasons stated, the Piperton defendants' motion to dismiss should be granted.

Respectfully submitted this 26th day of January, 2017.

s/Diane K. Vescovo<br>
DIANE K. VESCOVO<br>
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.