IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CAROLINE THOMAS,

    Plaintiff,

v.                                                         No. 2:16-cv-02958-JTF-dkv

FAYETTE COUNTY; BOBBY RILES, Fayette
County Sheriff; TRAVIS DAVENPORT, Fayette County
Sheriff Deputy; LYNN SPARKS, Fayette County Secretary;
VIP LEWIS, Fayette County Chancery Court Clerk;
ED PULLIAM, Fayette County Circuit Court Clerk;
FAYETTE COUNTY JAIL; JOHN and JANE DOE, Shelby
County Jail Deputies; JOHN and JANE DOE, Fayette
County Jail Medical Providers; CITY OF PIPERTON;
MARK S MCDANIEL, City of Piperton Municipal Court
Prosecutor; WILLIAM CRAIG HALL, City of Piperton
Municipal Court Judge; TOMMIE JOHNSON, City of
Piperton Code Enforcement; ANGELA KERBY, City of
Piperton Municipal Court Clerk; DANIEL HYDE, City of
Piperton Police Officer; WAYNE WILLIAMS, City of
Piperton Police Officer; HENRY COATS, City of Piperton
City Mayor; HUGH DAVIS, City of Piperton City Vice
Mayor; MIKE BINKLEY, City of Piperton City
Commissioner; PRESTON TROTTER, City of Piperton City
Commissioner; MIKE ULCZYNSKI, City of Piperton City
Commissioner; STEPHEN STEINBACH, City of Piperton
City Manager; PHIL HENDRICKS, City of Piperton Police
Chief,

    Defendants.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION**

Before the Court is Defendants' Motion to Dismiss filed on December 21, 2016. (ECF No. 9). This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013). On January 26, 2017, the Magistrate Judge issued her Report

1

and Recommendation that Defendants' Motion to Dismiss be granted. (ECF No. 12). To date, no objections have been filed.

After reviewing *de novo* the Magistrate Judge's Report and Recommendation, Defendants' Motion, and the entire record, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation.

## **LEGAL STANDARD**

### A. Standard for District Court's Review of a Report and Recommendation

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. Fed. R. Civ. P. 72. The referrals may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may adopt or not. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge order was issued in response to a dispositive motion, the district court should

engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

### B. Standard for Motion To Dismiss

When assessing a plaintiff's claim at the Fed. R. Civ. P. 12 (b)(6) motion to dismiss stage, the Sixth Circuit has stated that a complaint must allege sufficient facts to state a plausible claim for relief, and that a reviewing court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "*Pro se* complaints are held to a less stringent standard than pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted).

### ANALYSIS

Plaintiff filed a *pro se* complaint against Defendants in state court for violations of Civil Rights under 42 U.S.C. § 1983, and this complaint was removed to this Court on December 8, 2016. (ECF No. 1). Plaintiff also filed a *pro se* complaint for violations of Civil Rights under 42 U.S.C. § 1983 in this Court on October 6, 2016. (2:16-cv-02801-JTF-dkv, ECF No. 1). The complaints in both cases are identical in all aspects, and the two cases are assigned to the same judges. Because of the identical nature of the two complaints, the Magistrate Judge recommends

that this lawsuit should be dismissed, and the parties proceed in the other action, 2:16-cv-02801-JTF-dkv.

## **CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is Granted.

**IT IS SO ORDERED** on this 15th day of February, 2017.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
